

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,950-01, WR-93,950-02 & WR-93,950-03

## EX PARTE BRANDON V. CARRAWAY, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. W17-75820-S(A), W17-75821-S(A), AND W17-75822-S(A)
## IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam. Slaughter, J., filed a concurring opinion.*

### O P I N I O N

A jury convicted Applicant of compelling prostitution of a person under the age of eighteen, sexual assault of a child, and trafficking of a person under the age of eighteen for prostitution. The jury assessed prison terms. Applicant appealed, and the appellate court affirmed the convictions. *Carraway v. State*, Nos. 05-18-00367-CR, 05-18-00368-CR, & 05-18-00369-CR (Tex. App.—Dallas Apr. 25, 2019) (not designated for publication). Through habeas counsel, Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In the -01 habeas application, Applicant claims his retained appellate counsel failed to inform him of the appellate decision affirming the conviction for compelling prostitution (trial cause no. F-17-75820-S; appeal no. 05-18-00367-CR), which he says denied him of his right to seek a petition for discretionary review with this Court. In the -02 and -03 habeas applications, Applicant complains that his retained appellate counsel did not attack the merits of the convictions for sexual assault (trial cause no. F-17-75821-S; appeal no. 05-18-00368-CR) and trafficking (trial cause no. F-17-75822-S; appeal no. 05-18-00369-CR), so appellate counsel should have filed briefs in accordance with *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967), withdrawn from representation on these two appeals, and permitted Applicant to file *pro se* briefs regarding the convictions.

Appellate counsel has provided a response. The trial court has made findings and recommends that this Court grant habeas relief. The State has not objected. The trial court's findings and recommendations are supported by the record and applicable law. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Miller v. State*, 548 S.W.3d 497 (Tex. Crim. App. 2018); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005).

Relief is granted. Regarding the -01 habeas application and Applicant's appeal of the compelling prostitution conviction, Applicant may file an out-of-time petition for discretionary review of the judgment of the Fifth Court of Appeals in appeal number 05-18-00367-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate. Regarding the -02 and -03 habeas applications and Applicant's appeals of the sexual assault and trafficking convictions, Applicant may file out-of-time *pro se* briefs with the Fifth Court of Appeals in appeal numbers 05-18-00368-CR and 05-18-00369-

CR.  The Fifth Court of Appeals shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 31, 2024
Do not publish